UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
INTERNATIONAL BUSINESS MACHINES        :          05 CIV. 10296 (DLC)
CORPORATION,                           :
                                       :          OPINION & ORDER
                  Plaintiff,           :
                                       :
        -v-                            :
                                       :
FAIR ISAAC CORPORATION,                :
                                       :
                  Defendant.           :
                                       :
-------------------------------------- X

Appearances:

For Plaintiff:
Donald J. Curry
Marc J. Pensabene
Douglas Sharrott
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112

For Defendant:
Mark S. Sullivan
Paul D. Ackerman
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177

DENISE COTE, District Judge:

     Defendant Fair Isaac Corporation ("Fair Isaac") has moved to
transfer this lawsuit to the District of Minnesota where related
litigation between these parties is pending.  The application is
granted.


                          Background

     On September 8, 2005, Fair Isaac filed a complaint in the
United States District Court for the District of Minnesota
against International Business Machines Corporation ("IBM")

alleging that IBM's impending launch of its Websphere Process Server V6 constituted a breach of contract, an infringement of Fair Isaac's U.S. Patent No. 6,865,566, and a misappropriation of trade secrets. The Minnesota patent lawsuit is being actively litigated.

Fair Isaac develops and sells business management software products, including the Blaze Advisor. Introduced in 1997, Blaze Advisor assists customers in customizing computer software for their own needs without having to generate new computer code. The technology for Blaze Advisor is protected by patent '566, issued on March 8, 2005.

Fair Isaac and IBM worked together between November 1999, when IBM agreed to license Blaze Advisor technology for certain IBM products, and 2005. In the summer of 2005, IBM disclosed its plan to release Websphere Process Server V6, which Fair Isaac contends incorporates its proprietary, patented Blaze Advisor technology. IBM launched its product in the fall of 2005.

Having been sued in Minnesota, IBM reviewed its own library of patents and identified two old patents which it now contends that Blaze Advisor, and three other Fair Isaac products related to Blaze Advisor, infringe. On December 8, 2005, IBM filed this action asserting infringement of U.S. Patent No. 5,216,592 (also known as the "Mann patent") and U.S. Patent No. 5,276,776 (also known as the "Grady patent"), issued in 1993 and 1994, respectively. Until this lawsuit, and over the nine years in which Fair Isaac sold Blaze Advisor, IBM had never advised Fair

Isaac that it was infringing any IBM patent.

## Discussion

The standard for a motion to transfer pursuant to 28 U.S.C. § 1404 is well established.  Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); see also S.E.C. v. KPMG, LLP, No. 03 Civ. 671 (DLC), 2003 WL 1842871, at *2-3 (Apr. 9, 2003).  The movant bears the burden of establishing that transfer is warranted.  KPMG, 2003 WL 1842871, at *2.  If the transferee court also has jurisdiction over the case, the Court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate.[1]  The factors a court considers in making that determination include

> (1) the convenience of witnesses, (2) the convenience
> of the parties, (3) the location of relevant documents
> and the relative ease of access to sources of proof,
> (4) the locus of operative facts, (5) the availability
> of process to compel the attendance of unwilling
> witnesses, (6) the relative means of the parties, (7)
> the forum's familiarity with the governing law, (8) the
> weight accorded the plaintiff's choice of forum, and

---

[1] The parties do not dispute that the Minnesota district court would have jurisdiction over this action.

(9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).   A court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice."  Id. at 656.


Factors 1 & 5: Convenience of Witnesses and Availability of Service

The parties vigorously debate whether Minnesota or New York is more convenient for the witnesses.  Many of the Fair Isaac technical employees with knowledge of the issues in dispute are in California, where it designs and develops its products.

The four inventors of IBM's '776, or Grady, patent reside in Maryland, where the patent was developed, Pennsylvania, and Ohio. Only one remains employed by IBM.  The '592, or Mann, patent was issued to three inventors.  None of these inventors still works for IBM; the current residence of two is unknown; the third resides in North Carolina.  The '592 patent was developed through work done approximately twenty years ago, which IBM represents was conducted in Kingston, New York.  The IBM inventors who live outside New York and whom IBM has been able to contact indicate that a New York forum is more convenient for them than a Minnesota forum.

The IBM software initiative that parallels the Blaze Advisor product, known as the Business Rule Beans project, is largely

staffed through IBM's Rochester, Minnesota office.  While IBM
disputes that that project is relevant to this lawsuit, Fair
Isaac has shown a strong likelihood that it will be a part of
this litigation.  It is the work of its Rochester office that
motivated IBM to bring this litigation.

In sum, most of the witnesses have no current connection to
either Minnesota or New York.  With respect to current work of
relevance to this litigation, that work in ongoing in Minnesota
and California.  In this case, expert witnesses will play a
prominent role, and neither party has argued that one forum is
preferable to the other in connection with such witnesses.
Consideration of the ability to compel attendance of a witness
does not weigh in favor or against either New York or Minnesota.

Factors 2 & 6: Convenience and Relative Means of the Parties

Fair Isaac's corporate headquarters are in Minneapolis.
IBM's headquarters are in New York.  IBM also has a substantial
facility in Rochester, Minnesota where it employs over 5,000
persons.  Since May 2004, it has been sued five times in federal
court in the District of Minnesota.  Although IBM is far larger
than Fair Isaac, both are substantial corporations that would be
able to support this litigation in either Minnesota or New York.

Factor 3: Documents; Access to Sources of Proof

The Fair Isaacs documents are in its California research and
development facilities and its Minneapolis headquarters.  IBM's

relevant documents are likely to be found in Maryland, Minnesota, California, and its New York headquarters.

Factor 4: Locus of Operative Facts

IBM's relevant products were developed in Maryland and New York approximately twenty years ago, and are being developed today in Minnesota. Fair Isaacs's relevant products were developed recently in California.

Factor 7: The Forum's Familiarity with the Law

Both district courts can be assumed to be familiar with the law that will be applied in this action.

Factor 9: Trial Efficiency and the Interest of Justice

This factor weighs very substantially in favor of a transfer. The Minnesota court is already supervising a related, first-filed patent case between these parties. This lawsuit has been filed essentially in retaliation for the filing of the Minnesota litigation, and is part of the corporate struggle between these entities for control of a business software solution represented by Fair Isaac's Blaze Advisor.

The overlap of the issues and witnesses is a compelling reason to have a single judicial officer preside over both cases. Indeed, activities in the Minnesota litigation have already dictated the management of this lawsuit. No settlement conference was scheduled in this case because the settlement

discussions ongoing in Minnesota and supervised by the court there encompass the issues being litigated here.  Similarly, both parties suggested a schedule for discovery and motion practice in this case based on the fit of that schedule with the proceedings in Minnesota, including the burdens of having counsel and witnesses participate in two related lawsuits in two distant fora.

Fair Isaacs argues that it is also relevant to consider whether IBM chose to sue Fair Isaacs in New York to put additional, unfair pressure on Fair Isaacs.  Without attempting to plumb the depths of IBM's motives, it is sufficient to observe that the more logical forum for this lawsuit was and is Minnesota.  The Minnesota court was already presiding over the patent litigation that triggered the filing of this lawsuit, and the business technology at issue there is intimately connected to the technology that is at issue here.

Factor 8: Weight Accorded to Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors weighs strongly in favor of the defendant. Berman, 30 F. Supp. 2d at 659.  Thus, if the factors are equally balanced, the plaintiff is entitled to its choice.

Each of the other relevant factors here is essentially neutral, or weighs in favor of a transfer either to a degree or very substantially.  In the unusual circumstances of this case,

the consideration of these factors outweighs the considerable weight to which IBM's preference of forum is entitled.

## Conclusion

The motion by Fair Isaac Corporation to transfer this lawsuit to the District of Minnesota is granted.


SO ORDERED:

Dated:    New York, New York
          March 23, 2006

_____
DENISE COTE
United States District Judge